IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         No. CIV 20-1190 RB/KK

ROBERT J. MATTINE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

The Secretary of the Treasury made assessments against Defendant Robert J. Mattine for federal income taxes and penalties. The United States filed this lawsuit to reduce the unpaid federal tax liabilities to judgment. Mattine filed an Answer and Counterclaim under 26 U.S.C. § 7433. The United States moves to dismiss the counterclaim for failure to exhaust administrative remedies. The United States also moves for summary judgment on its Complaint. Having considered the parties' arguments and the relevant law, the Court will **GRANT** both motions.

**I.**     **The Court will grant the motion to dismiss Mattine's counterclaim.**

    **A.**     **Factual Background Relevant to Counterclaim**

Mattine, proceeding pro se, is a resident of New Mexico. (Docs. 1 (Compl.) ¶ 4; 5 (Answer & Countercl.) ¶ 1.) The Secretary of the Treasury has assessed that, at the time the Complaint was filed, Mattine owed $477,038.03 for federal income taxes and penalties for eight tax years between 2002 and 2018. (*See* Compl. ¶ 5.) Mattine filed a petition in Tax Court to challenge the proposed deficiencies for the assessments made on tax years 2002–2006. (*Id.* ¶ 6.) "Mattine entered into a stipulated agreement and the tax for these years was assessed on May 3, 2010." (*Id.*) The United States avers that after Mattine entered into the 2010 stipulated agreement regarding the 2002–2006

tax assessments, he "requested a collection due process hearing ('CDP') with the IRS Appeals Office . . . ." (Compl. ¶ 6.) It appears that the CDP was pending through July 2011, but there is no information in the Complaint or in the Answer and Counterclaim as to how the CDP was resolved. (*See id.*; Answer & Countercl.) In the parties' evidence submitted on summary judgment, it appears that the CDP was "resolved by Appeals[,]" as a "Notice of Determination letter issued" and Mattine "waived judicial review or withdrew the hearing request." (Doc. 16-2 at 3; 19-A at 52.[1])

Mattine alleges that the information about the assessments against him is "defective." (*See* Doc. 10 at 1; Answer & Countercl. ¶ 4.) He counterclaims against the United States and asserts that the Internal Revenue Service (IRS) abused its power and engaged in abusive collection actions. (Answer & Countercl. ¶ 17(D)(a).) Mattine does not cite the authority on which he bases his counterclaim. (*See id.*) The United States surmises that Mattine is making a claim under 26 U.S.C. § 7433, known as the Taxpayer's Bill of Rights. (*See* Doc. 9 at 3.) Mattine does not disagree. (*See* Doc. 10.)

Section 7433 contains an exhaustion requirement that provides, "[a] judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). The United States contends that Mattine failed to exhaust the available administrative remedies. (Doc. 9 at 3.) Mattine states that he "did file a claim against IRS for administrative damage very early in the matter and was denied a hearing or other procedure." (Doc. 10 at 2.) He further avers that he withdrew his claim "under threats by the IRS[,]" which used "secret Ex Parte communication[ and] denied all administrative rights." (*Id.*)

---

[1] Mattine does not label his summary judgment exhibits. (*See* Doc. 19.) Thus, the Court will refer to all of his exhibits as "19-A" and will use the CM/ECF numbering to cite specific pages.

The United States now moves to dismiss the counterclaim for failure to exhaust under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 9.) Mattine addressed this issue in his response briefs both to the motion to dismiss and the motion for summary judgment. (*See* Docs. 10; 19 at 4–5.)

**B.     Legal Standards**

Mattine's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

The United States moves to dismiss under Rules 12(b)(1) and 12(b)(6). (*See* Doc. 9 at 1.) It argues that Mattine's failure to exhaust his administrative remedies deprives the Court of subject matter jurisdiction under Rule 12(b)(1). (*See id.* at 4.) Alternatively, it contends that the counterclaim should be dismissed under Rule 12(b)(6), because § 7433(d) bars any damages award due to Mattine's failure to exhaust. (*See id.* at 4–5.)

There is a Circuit split on whether the failure to exhaust under § 7433 is jurisdictional. *See, e.g.*, *Carter v. United States*, 389 F. App'x 809, 811 n.1 (10th Cir. 2010). Most courts have found that it is not jurisdictional and can be waived. *See id.* (citation omitted). The Tenth Circuit has not decided the issue but has noted that "[t]he characterization is important . . . only when the [responding party] has waived or forfeited the issue . . . ." *Id.* (quoting *McQueen ex rel. McQueen v. Colo. Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007)). "If exhaustion is a jurisdictional requirement, the district court *must* always dismiss if there has been a failure to exhaust. If exhaustion is not jurisdictional, the court must dismiss only if the issue has been

3

properly presented for decision." *McQueen*, 488 F.3d at 873 (citation omitted). As the United States has properly presented the issue for decision here, the distinction is inconsequential. *See id.*; *see also Carter*, 389 F. App'x at 811 n.1.

Motions to dismiss under Rule 12(b)(1) "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1265 (D.N.M. 2011) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (internal citations omitted)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true." *Id.* (quoting *Alto Eldorado Partners v. City of Santa Fe*, No. Civ. 08-0175 JB/ACT, 2009 WL 1312856, at *8 (D.N.M. Mar. 11, 2009), *aff'd*, 634 F.3d 1170 (10th Cir. 2011) (internal citations omitted)). "But when the attack is factual, a district court may not presume the truthfulness of the complaint's factual allegations" and may "allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 [summary-judgment] motion."[2] *Id.* (quoting *Alto Eldorado Partners*, 2009 WL 1312856, at *8–9). Here, the Court will refer to evidence outside the pleadings to determine whether Mattine exhausted his administrative remedies.

Jurisdictional facts must ultimately be established by a preponderance of the evidence where they are disputed. *Campos*, 828 F. Supp. 2d at 1271. "The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of

---

[2] A court is also "required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted). That is not the case here.

4

jurisdiction . . . ." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (quotation omitted). "Facts regarding jurisdictional questions may be determined by reference to affidavits, . . . by a pretrial evidentiary hearing, . . . or at trial when the jurisdictional issue is dependent upon a decision on the merits." *Id.* (citations omitted).

"When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the [counterclaimant] need only make a prima facie showing." *Id.* (quoting *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985)). "The 'well pled facts' of the [counterclaim] must be accepted as true if uncontroverted by the [responding party's] affidavits, and factual disputes at this initial stage must be resolved in the [counterclaimant's] favor when the parties present conflicting affidavits." *Id.* (citations omitted). As discussed below, the Court finds that Mattine fails to make even a prima facie showing that he exhausted his administrative remedies.

### C.   Mattine has not shown that he exhausted his administrative remedies.

Mattine does not cite any statutory authority for his counterclaim. (*See* Answer & Countercl.) The United States suggests that Mattine may intend to bring the counterclaim under 26 U.S.C. § 7433, which provides a remedy for unauthorized IRS collection actions. (*See* Doc. 9 at 2.) As Mattine does not disagree with this suggestion (*see* Doc. 10), the Court will analyze the motion to dismiss on this basis. Section 7433(a) "provides for an action for damages against the United States when a federal officer knowingly or negligently disregards the tax code when collecting taxes." *Carter*, 389 F. App'x at 811. Mattine alleges that the IRS "Abuse[d its] power for Personal Benefit" and engaged in "Ten plus years of Abusive Collection Actions[,]" resulting in damages. (Answer & Countercl. ¶ 17(D)(a).)

The Tenth Circuit has recognized that "[o]ne limitation on an action for damages under

§ 7433[] is the requirement that 'the court determine[] that the [individual] has exhausted the administrative remedies available . . . within the Internal Revenue Service." *Carter*, 389 F. App'x at 811 (quoting 26 U.S.C. § 7433(d)(1)). "In order to exhaust his administrative remedies, [Mattine] was required to comply with 26 C.F.R. § 301.7433-1(e)(1)–(2)(i)–(v), which sets forth the manner and form for perfecting an administrative claim." *Id.* at 812 n.2. Mattine does not allege that he exhausted his administrative remedies. (*See* Answer & Countercl.) The United States noted this shortcoming (*see* Doc. 9), and Mattine does not dispute it (*see* Doc. 10). Instead, he asserts that he "did file a claim against IRS for administrative damage very early in the matter and was denied a hearing or other procedure." (*Id.* at 2.) He states that his "[c]laim was withdrawn under threats by the IRS[,]" which, "by use of secret Ex Parte communication, denied all administrative rights." (*Id.*) This is, presumably, the claim that the record shows as "withdrawn" in 2011. (*See, e.g.*, Doc. 19 at 52.) Critically, Mattine does not argue or submit evidence to show that his claim for "administrative damage" fulfilled the requirements necessary to exhaust his administrative remedies as detailed in 26 C.F.R. § 301.7433-1(e)(1)–(2)(i)–(v). Regardless, he acknowledges that he withdrew this claim, and he does not set forth any argument to establish that he should be excused from exhausting his administrative remedies.

Under these circumstances, the Court finds that Mattine has failed to make a prima facie showing that he exhausted his administrative remedies. Consequently, the Court does not have subject matter jurisdiction to hear his counterclaim and will dismiss it.

**II.    The Court will grant the United States' motion for summary judgment.**

  **A.    Undisputed Facts for Purposes of Summary Judgment**

A delegate of the Secretary of the Treasury assessed against Mattine tax liabilities due to unpaid federal income taxes, plus penalties and interest, for the years 2002–2006, 2009, 2017, and

6

2018. (*See* Doc. 16-1 (Certificates of Assessments and Payments ("Forms 4340")).) Mattine challenged the assessments made on the 2002–2006 tax years in Tax Court. *See Mattine v. Comm'r*, No. 21947-08 (T.C.), *available at* https://dawson.ustaxcourt.gov/case-detail/21947-08 (last visited Nov. 2, 2021). Mattine entered into a stipulated agreement with the IRS, and additional tax for these years was assessed on May 3, 2010, as shown in the table below. *See id.*, Stipulated Decision Entered (T.C. Mar. 15, 2010). (*See also* Doc. 16 at 4; 16-1 at 4, 13, 22, 31, 40.)

Mattine has since paid his 2017 income tax liabilities. (*See* Doc. 16-2 at 20–22.) The table below, using data from the Forms 4340 and the Intergraded Data Retrieval System (IDRS), summarizes the amount Mattine owes for these periods through August 2, 2021.

| **Tax Period** | **Date Assessed** | **Amount Assessed** | **Balance Due with Accruals as of 2021-08-02** |
|---|---|---|---|
| 2002-12-31 | 2010-05-03<br>2012-03-26<br>2016-10-10 | $53,962.00<br>$7,872.43<br>$1,281.27 | $134,469.90 |
| 2003-12-31 | 2010-05-03<br>2012-03-26<br>2016-10-10 | $69,293.00<br>$10,470.28<br>$1,704.46 | $166,421.44 |
| 2004-12-31 | 2010-05-03<br>2012-03-26<br>2016-10-10 | $33,847.00<br>$5,025.85<br>$818.16 | $77,960.57 |
| 2005-12-31 | 2010-05-03<br>2012-03-26<br>2016-10-10 | $26,789.00<br>$4,033.78<br>$448.20 | $57,904.59 |
| 2006-12-31 | 2010-05-03<br>2016-10-10 | $12,349.00<br>$2,686.68 | $21,307.16 |
| 2009-12-31 | 2010-11-22<br>2016-10-10 | $13,169.00<br>$2,635.50 | $23,335.71 |
| 2017-12-31 | 2018-11-12<br>2020-10-05 | $8,320.50<br>$518.37 | ($33.05) |
| 2018-12-31 | 2019-11-18 | $13,290.68 | $1,939.69 |
| **Total:** | | | $483,306.01 |

(*See* Docs. 16 at 2–3; 16-1 at 4, 6–7, 13, 15–16, 22, 24, 31, 33–34, 40, 43, 48–49, 54, 57, 60; 16-

2 at 1, 5, 8, 11, 14, 18, 20, 23; 16-3 ¶¶ 6–7.)

### B. Legal Standard

#### 1. Summary Judgment Standard

Summary judgment is appropriate when the Court, viewing the record in the light most favorable to the nonmoving party, determines "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). A fact is "material" if it could influence the determination of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party. *Id*. The moving party bears the initial responsibility of "show[ing] that there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (quotation marks omitted).

#### 2. Relevant Local Rules

Pursuant to Local Rule 56, the party moving for summary judgment "must set out a concise statement of all of the material facts as to which the movant contends no genuine issue exists." D.N.M. LR-Civ. 56(b). The movant must number the facts "and must refer with particularity to those portions of the record upon which the movant relies." *Id.* In return, the non-moving party must also provide "a concise statement of the material facts . . . as to which the non-movant contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with

particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed." *Id.* "**All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted.**" *Id.* (emphasis added). "The Response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion." *Id.*

      **C.**      **The United States has shown it is entitled to judgment on the unpaid tax amounts with penalties and interest.**

              **1.**      **Evidentiary Rulings**

"In a suit brought by the government to collect taxes resulting from unreported income, the government generally establishes a *prima facie* case when it shows a timely assessment of the tax due, supported by a minimal evidentiary foundation, at which point a presumption of correctness arises." *United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991) (citations omitted). "Forms 4340, signed and sealed by an authorized delegate of the Secretary of the Treasury, as is the case here, . . . are admissible into evidence as self-authenticating official records of the United States." *Lunnon v. United States*, No. CV 16-1152 MV/JFR, 2021 WL 2859341, at *8 (July 8, 2021), *R&R adopted sub nom.*, 2021 WL 4355655 (D.N.M. Sept. 24, 2021) (citing Fed. R. Evid. 803(8) and 902(1); *United States v. Welch*, Civ. No. 11-cv-02292-CMA-KLM, 2013 WL 1444053, at *11 (Mar. 13, 2013), *R&R adopted*, 2013 WL 1442627 (D. Colo. Apr. 8, 2013)). Moreover, Forms 4340 "carry a presumption of correctness and are routinely used to prove that a tax assessment has been made." *Id.* (citing *March v. IRS*, 335 F.3d 1186, 1188 (10th Cir. 2003); *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992)). "This presumption will permit judgment in the Commissioner's favor unless the opposing party produces substantial evidence overcoming it." *McMullin*, 948 F.2d at 1192 (citations omitted).

The United States submitted Forms 4340 into evidence, and they are entitled to a presumption of correctness. *See id.* (*See also* Doc. 16-1.) While Mattine asserts that the United States' exhibits contain "errors," he does not submit any evidence that creates a genuine issue of fact. (*See* Docs. 19 at 2–4; 19-A.) Thus, he fails to carry his burden to show that the assessment was inaccurate. *See G.M. Leasing Corp. v. United States*, 514 F.2d 935, 941 (10th Cir. 1975), *rev'd on other grounds*, 429 U.S. 338 (1977) (because government offered "documents showing a presumptively correct tax assessment and thereby established a prima facie case of liability[,]" respondent was required to produce evidence and had "the burden of ultimate persuasion") (citations omitted). To the extent Mattine objects to the United States' evidence, his objections are overruled for the reasons detailed below.

2. Analysis

The United States moves for summary judgment on the issue of Mattine's liability for the tax assessments as specified in Forms 4340 and the IDRS summary. (*See* Docs. 16 at 2; 16-1; 16-2.) As of August 2, 2021, Mattine owes $483,306.01 in unpaid taxes, penalties, and interest. (*See* Docs. 16-1–16-2.) Mattine asserts there are several errors; the Court will address each in turn.

Errors in the 2017 Assessment

Mattine contends that the United States erred in listing the 2017 assessment as unpaid. (*See* Doc. 19 at 1.) As the United States explains, however, the balance of the 2017 assessment shown in the Complaint was current as of the date the Complaint was filed. (*See* Doc. 20 at 2; Compl. at 3.) Mattine made a payment after the Complaint was filed that reduced the 2017 balance to zero. (*See* Docs. 20 at 2; 16-2 at 22.) Thus, the Court finds no error in the updated 2017 balance as shown in the motion and the IDRS summary. (*See* Docs. 16 at 1 n.1, 3; 16-2 at 20.)

Errors in the 2018 and 2019 Assessments

Mattine argues that he has fully paid the 2019 assessment and has "substantially paid" the 2018 assessment. (Doc. 19 at 1.) The United States has not made a claim on any 2019 assessment. (*See* Docs. 20 at 2; 16-1.) Further, the IDRS summary shows Mattine's payments toward the 2018 assessment, and he submits no evidence to show that the summary is incorrect. (*See* Doc. 16-2 at 24.) The Court finds no error in the 2018 assessment.

2006 Assessment

Mattine contends that there are "disagreements" between the 2006 "IRS Certificate of Official Record and IRS Account Transcript." (Doc. 19 at 2.) He does not identify what these disagreements are. (*See id.*) He mentions "a $15,129.18 reduction to the amount due for 2006" made on November 19, 2018 (*id.*), which is reflected in the IDRS transcript. (*See* Doc. 16-2 at 16.) The United States explains that this amount represents a write-off that "occurred because the collections statute of limitations expired." (Doc. 20 at 3 (citing 26 U.S.C. § 6502).) "Accordingly, the United States did not sue to collect that assessment." (*Id.*) As Mattine does not introduce evidence to show any mistake in the 2006 assessment, the Court finds no error.

Due Process Violations

Mattine summarily argues that he "was the victim of a set of secret IRS procedures and [rogue] Agents." (Doc. 19 at 2.) He asserts without offering supporting evidence that an IRS agent "targeted" him for an audit and "forc[ed] his Agents' to falsify their Examination Report(s) . . . ." (*Id.*) He argues that the 2010 stipulated agreement out of the Tax Court is void or voidable, because he was denied due process. (*Id.*) The Court gathers that Mattine discovered ex parte communication between an IRS agent and someone involved in his Tax Court claim, but it is not clear who. He asserts that the 2010 stipulated agreement was "reversed with the issuance of

11

Revenue Procedure 2012-18" (*id.*), which is a section of the Internal Revenue Manual that "provides guidance concerning ex parte communications." *See IRS*, Internal Revenue Manual § 8.1.10.1, available at https://www.irs.gov/irm/part8/irm_08-001-010 (last reviewed or updated Sept. 21, 2021). Yet, that section also provides that "[t]he ex parte communication rules in this IRM and Revenue Procedure 2012-18 do not create substantive rights affecting the taxpayer's tax liability or the IRS's ability to determine, assess or collect the tax liability (including statutory interest and any penalties, if applicable)." *Id.* § 8.1.10.1.2. Mattine provides no authority to show that section 2012-18 works to void the 2010 stipulated agreement.

The United States also maintains that any attack on the 2010 stipulated agreement should be denied on the basis of res judicata. (*See* Doc. 16 at 6–7.)

> Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit.

*Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (citation omitted). The requirements are met here. First, a stipulated judgment is "a judgment on the merits." *See Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992) (citation omitted). Second, the parties to the Tax Court case were Mattine and the Commissioner of the IRS, and the parties here are the same – "Mattine and the United States on behalf of its agency, the IRS." (*See* Doc. 16 at 8.) Third, Mattine brought the complaint in Tax Court to challenge assessments made on tax years 2002–2006, which are also assessments he seeks to identify in this lawsuit. Finally, Mattine has submitted no evidence to establish that he did not have a full and fair opportunity to litigate the matter in Tax Court. On the contrary, he entered into a stipulated agreement and was represented by an attorney who was admitted to practice before the Tax Court. (*See* Doc. 16 at 8–9; *see also*

Doc. 19 at 4.) Accordingly, the Court finds that Mattine is precluded from attacking the 2010 stipulated agreement.[3]

Statute of Limitations

Mattine asserts that the statute of limitations for the 2009 assessment ended in 2019. (Doc. 19 at 2.) The United States responds that "the 2009 assessments were made on November 22, 2010[,] and October 10, 2016." (Doc. 20 at 3; *see also* Doc. 16-1 at 48.) Because the United States filed its Complaint on November 16, 2020, the ten-year statute of limitations in 26 U.S.C. § 6502 had not yet run.

In sum, the United States has presented undisputed evidence to establish that Mattine owes past due amounts of $483,306.01 as of August 2, 2021. Mattine fails to present any evidence to overcome the presumption of correctness of the Forms 4340. *See Cropper v. Comm'r*, 826 F.3d 1280, 1285 (10th Cir. 2016) (explaining that once the IRS has satisfied its burden of showing that deficiency notices existed and were mailed to the taxpayer, the burden shifts to the taxpayer who must rebut with clear and convincing evidence). As a result, the Court will grant summary judgment to the United States regarding the unpaid federal income taxes, penalties, and interest, for tax years 2002–2006, 2009, and 2018.

**THEREFORE**,

**IT IS ORDERED** that the United States' Motion to Dismiss Defendant's Counterclaim (Doc. 9) is **GRANTED**;

**IT IS FURTHER ORDERED** that the United States' Motion for Summary Judgment

---

[3] Mattine also asserts that "[t]he amount due the United States' 2002 to 2005 is subject to penalty review adjustment as applied to 2006 just before the IRS 2018 shutdown." (Doc. 19 at 2.) He believes that "Inappropriate Penalties and related Interests were being applied by the IRS during 2002 through 2006 and in 2018 the IRS just started to adjust as shutdown was started." (*Id.* at 3.) It is unclear what Mattine bases this argument on, but the Court finds it is barred for the same reasons discussed above.

Against Defendant Robert J. Mattine (Doc. 16) is **GRANTED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE