IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                              No. CIV 20-1190 RB/KK

ROBERT J. MATTINE,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Reconsider the Summary Judgment Against Robert J. Mattine. (Doc. 23.) The Court will deny the motion.

**I.**      **Factual and Procedural Background**

    **A.**      **The Court dismissed Mattine's counterclaim.**

The Court recited the factual background relevant to this matter in its Memorandum Opinion and Order entered on November 3, 2021, and incorporates that background here by reference. (Doc. 22 at 1–3, 6–8.) In short, the Secretary of the Treasury has assessed that Mattine, a resident of New Mexico who is proceeding pro se, owes $477,038.03 for federal income taxes and penalties for eight tax years between 2002 and 2018. (*See* Docs. 1 (Comp.) ¶¶ 4–5; 5 (Answer & Countercl.) ¶ 1.) Mattine challenged the proposed deficiencies for the tax years 2002–2006 in Tax Court, and in 2010, he entered into a stipulated agreement covering those years. (Compl. ¶ 6.) Mattine requested a collection due process hearing with the IRS Appeals Office on this agreement, but he later "waived judicial review or withdrew the hearing request." (*See* Doc. 16-2 at 3; 19-A at 52; Compl. ¶ 6.) Mattine alleged that the information about the assessments against him is "defective" and asserted a counterclaim, alleging that the Internal Revenue Service (IRS) abused

its power and engaged in abusive collection actions. (See Doc. 10 at 1; Answer & Countercl. ¶¶ 4, 17(D)(a).)

Mattine did not cite authority for his counterclaim. (*See* Answer & Countercl.) The Court analyzed it under 26 U.S.C. § 7433. (*See* Doc. 22 at 2, 5–6.) Section 7433 contains an exhaustion requirement that provides, "[a] judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). The United States argued that Mattine failed to exhaust his administrative remedies. (*See* Doc. 22 at 2, 5–6.) Mattine did not dispute this contention, nor did he demonstrate that he should be excused from exhausting his administrative remedies. (*Id.* at 6.) Consequently, the Court granted the Government's motion to dismiss on the basis that it lacked subject matter jurisdiction over the counterclaim. (*Id.*)

**B.      The Court granted the United States' motion for summary judgment.**

A delegate of the Secretary of the Treasury assessed against Mattine tax liabilities due to unpaid federal income taxes, plus penalties and interest, for the years 2002–2006, 2009, 2017, and 2018. (See Doc. 16-1 (Certificates of Assessments and Payments ("Forms 4340")).) Mattine entered into a stipulated agreement for the assessments made on the 2002–2006 tax years, and he has paid his 2017 income tax liabilities. *See Mattine v. Comm'r*, No. 21947-08 (T.C.), available at https://dawson.ustaxcourt.gov/case-detail/21947-08 (last visited June 28, 2022). (*See also* Docs. 16 at 4; 16-1 at 4, 13, 22, 31, 40; 16-2 at 20–22.) The Court summarized the amounts Mattine owes for the relevant periods, with a total amount owing of $483,306.01. (*See* Doc. 22 at 7–8 (citations omitted).)

The United States moved for summary judgment and submitted Forms 4340 into evidence, which are entitled to a presumption of correctness. (*See* Docs. 16; 16-1; 22 at 9–10.) *See also*

*United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991); *Lunnon v. United States*, No. CV 16-1152 MV/JFR, 2021 WL 2859341, at *8 (July 8, 2021), *R&R adopted sub nom.*, 2021 WL 4355655 (D.N.M. Sept. 24, 2021) (Forms 4340 "carry a presumption of correctness and are routinely used to prove that a tax assessment has been made.") (citation omitted). Mattine did not submit evidence to create a genuine issue of fact and thus failed "to carry his burden to show that the assessment was inaccurate. (Doc. 22 at 10 (citing *G.M. Leasing Corp. v. United States*, 514 F.2d 935, 941 (10th Cir. 1975), *rev'd on other grounds*, 429 U.S. 338 (1977)).) Further, Mattine failed to establish that there were any errors in the assessments, that there were due process violations, or that the applicable statute of limitations had run. (*See id.* at 10–13.) Consequently, the Court granted the United States' summary judgment motion.

Mattine moves the Court to reconsider its decision. (*See* Doc. 23.) The United States opposes the motion. (Doc. 24.)

## II.   Legal Standards

Mattine's "pro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

### A.   Motion to Reconsider

Mattine fails to specify the procedural rule he relies upon. (*See* Doc. 23.) There are three categories of motions to reconsider:

> (i) a motion to reconsider filed within [28] days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to reconsider filed more than [28] days after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is

not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion [under rule 54(b)].

*Anderson Living Tr. v. WPX Energy Prod., LLC*, 312 F.R.D. 620, 642 (D.N.M. 2015) (quoting *Price v. Philpot*, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005)). As judgment has not yet been entered, the Court will analyze the motion under Rule 54(b). *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008).

"Rule 54(b) provides that a district court can freely reconsider its prior rulings." *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l*, No. 17-CV-0246 WJ/KRS, 2018 WL 1997292, at *5 (D.N.M. Apr. 27, 2018) (citing *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015)). "In addition, the rule 'puts no limit or governing standard [on] the district court's ability to do so, other than that it must do so before the entry of judgment.'" *Id.* (quoting *Lujan*, 122 F. Supp. at 1238) (quotation marks omitted). The Tenth Circuit has stated that a district court "*may* look to the standard used to review a motion made pursuant to . . . Rule 59(e)[,]" *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (emphasis added), but it "has not cabined district courts' discretion beyond what [R]ule 54(b) provides[,]" *Lujan*, 122 F. Supp. at 1238 (citing *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007)). Thus, in revisiting a previous order in *Med Flight Air Ambulance*, United States Chief District Judge William P. Johnson was "guided by concerns of judicial economy, avoiding piecemeal litigation, and the posture of all the parties involved." *See* 2018 WL 1997292, at *6. And in *Lujan*, United States District Court Judge James O. Browning considered (1) "how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenge[d]"; (2) "the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence the parties . . . produce[d]"; and (3) the grounds courts use to consider a motion to

reconsider brought under Rule 59(e). 122 F. Supp. 3d at 1238–39; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). The Court examines the motion under Rule 59(e) and finds it should be denied.

**III.     Mattine has identified no circumstance sufficient for the Court to reconsider its Opinion.**

Mattine contends that the Court should reconsider its order because: (1) the "Internal Revenue Service has yet to complete the Administrative Remedies requested on Internal Revenue Service Revenue Agents' activities and the Internal Revenue Service Office of Automated Collections"; (2) "issues of the Tax Court Stay Violation and the Ex Parte Communications could make the Tax Court Settlement voidable and place the Statue [sic] of Limitation period as reached before the [IRS] forwarded this matter to The Department of Justice"; (3) "The [IRS] Taxpayer Advocate Service Assistance is being contacted to compel compliance to the Internal Revenue Manual" and (4) "The Investigation for Abuse of Power was also not completed by Mr. David Duck, Revenue Officer, due to needed Documents and an unexplained absence of Mr. Duck . . . ." (Doc. 23 at 1–2.)

**A.     The Court will deny the motion to reconsider pursuant to the Rule 59(e) standard of review.**

"Grounds for granting a motion to reconsider pursuant to Rule 59(e) include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Ankeney*, 524 F. App'x at 458 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). As Mattine has not cited an intervening change in

the controlling law or new evidence previously unavailable,[1] the Court will analyze his motion only under the third ground.

"The Tenth Circuit has defined 'clear error' as 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *Thymes v. Verizon Wireless, Inc.*, No. CV 16-66 KG/WPL, 2016 WL 9777487, at *2 (D.N.M. Sept. 28, 2016) (quoting *Wright ex rel. Tr. Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001)). "Although the Tenth Circuit has not specifically defined 'manifest injustice' in the Rule 59(e) context, other courts have defined manifest injustice as 'more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law.'" *Id.* (quoting *Smith v. Lynch*, 115 F. Supp. 3d 5, 12 (D.D.C. 2015); citing *In re Green Goblin, Inc.*, Bankr. No. 09-11239 ELF, 2012 WL 1971143, at *1 (Bankr. E.D. Pa. May 31, 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.")).

Mattine does not explicitly argue that the Court's decision was arbitrary, capricious, or fundamentally unfair. (*See* Doc. 23.) Instead, he offers arguments that are substantially similar to those he presented in his original briefs. (*See id.*; *see also, e.g.*, Docs. 10 at 2 (asserting that the IRS used ex parte communication to deny administrative rights), 4 (noting that "Revenue Officer was unavailable in 2019"); 14 at 2 (asserting that "[IRS] personnel were under direction to deny Administrative Remedies"); 19 at 2 (asserting the Tax Court judgment was void or voidable), 3 (discussing dispute with statute of limitations).) Mattine fails to cite authority to show that the

---

[1] Mattine attaches several exhibits to his motion and reply brief. The exhibits attached to his motion are all duplicates of exhibits he filed earlier. (*Compare* Docs. 23 at 4–7, *with* Doc. 19 at 40, 42–43, 46.) The exhibit attached to his reply brief is dated June 26, 2020. (Doc. 25 at 3–9.) As this lawsuit was filed in November 2020 and Mattine offers no reason why this exhibit was previously unavailable, the Court declines to consider it for purposes of this motion. *See Servants of Paraclete*, 204 F.3d at 1012).

Court clearly erred in its previous Opinion. Accordingly, the Court will deny the motion under the Rule 59(e) standard.

Moreover, the Court finds that its Opinion sufficiently addressed the relevant issues, and to the extent Mattine raises new arguments here, the Court will deny his motion for reasons of judicial economy. *See Lujan*, 122 F. Supp. 3d at 1238–39; *see also Otero v. Hartford Cas. Ins. Co.*, No. 13-601 MV/CG, 2015 WL 11089509, at *3 (D.N.M. Mar. 23, 2015). Because Mattine fails to offer any adequate reason to disturb the Court's previous Opinion, the Court will deny his motion to reconsider.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Reconsider the Summary Judgment Against Defendant Robert J. Mattine is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE